IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
                  Plaintiff,     )
                                 )
      v.                         )   No.   04 CR 660
                                 )
EDWARD SCHUMANN,                 )
                                 )
                  Defendant.     )

## MEMORANDUM OPINION AND ORDER

This criminal case was put on hold for a very long time period (more than a year) because of the agreed-upon need to determine the mental competency of defendant Edward Schumann ("Schumann"). After last month's ultimate receipt and consideration of a truly comprehensive psychological and neuropsychological evaluation of that question (comprising no fewer than 25 single-spaced pages), Schumann and his counsel withdrew their earlier-filed request for a competency hearing. That brought to the fore two motions that had long since been filed by Schumann's counsel, responded to by the government and then placed on the back burner during the period that Schumann's competency was in issue:

   1. Schumann's motion to strike from the indictment the sentencing allegations that followed its three substantive counts and

   2. Schumann's motion to dismiss Count One of the indictment.

Little needs to be said as to the first of those motions. Here the indictment was returned back in July 2004, before the Supreme Court's definitive dual pronouncement in United States v. Booker, 125 S.Ct. 738 (2005). To this Court's understanding, the issues to which the sentencing allegations speak pose no threat that could run afoul of Apprendi v. New Jersey, 430 U.S. 460 (2000), so that post-Booker those issues may be resolved by this Court without submission to a jury. Accordingly, unless the government can explain any continued need for the retention of the sentencing allegations, Schumann's motion is granted.

As for Count One, here is the operative paragraph that charges Schumann with engaging in a protracted scheme in asserted violation of 18 U.S.C. §1001(a)(1):

> 2. Beginning no later than September 1996, and continuing until at least in or about August 1999, at Chicago, Bedford Park, Matteson, in the Northern District of Illinois, Eastern Division, and elsewhere, EDWARD SCHUMANN, also known as, "Ed Sumanas," defendant herein, knowingly and willfully falsified, concealed, and covered up by a scheme material facts with respect to applications for extensions of B-1 and B-2 visas, a matter within the jurisdiction of the INS, an agency of the executive branch of the Government of the United States, namely, that certain Applicants were eligible for extensions of B-1 and B-2 visas when, in fact, they were not eligible for such extensions.[1]

Schumann's counsel challenges Count One (1) as duplicitous because it assertedly alleges more than one offense, (2) as

---

[1] [Footnote by this Court] That charge is followed by nine paragraphs that details the operation of the alleged scheme.

untimely because certain of the alleged offenses were committed more than five years before return of the indictment and (3) as insufficiently particularized as to the allegedly false statements attributed to Schumann. At their core, all three of those contentions rely on the notion that every one of the transactions that implemented the scheme adverted to in Count One--each individual material fact that was assertedly falsified, concealed or covered up--must be the subject of a separate count in the indictment.

In response the United States persuasively points to the per curiam decision in <u>United States v. Hubbell</u>, 177 F.3d 11, 13-14 (D.C. Cir. 1999), which holds "that §1001 allows prosecution of 'scheme crimes,'" a term that aptly describes Count One. Schumann's counsel seeks to discount the persuasiveness of that decision by asserting (correctly, of course) that <u>Hubbell</u> is not a Seventh Circuit decision and pointing instead to the discussion in <u>United States v. Buchmeier</u>, 255 F.3d 415, 421-24 (7th Cir. 2001).

But the difficulty with that contention is that, fairly read, <u>Buchmeier</u> supports the government's position rather than Schumann's. At the outset of its analysis (255 F.3d at 421) the <u>Buchmeier</u> opinion states:

> However, an indictment charging multiple acts in the
> same count, each of which could be charged as a
> separate offense, may not be duplicitous where these
> acts comprise a continuing course of conduct that

3

constitutes a single offense.

And the discussion that follows makes plain the propriety of the present Count One charge in those terms, for Schumann is indeed asserted to have engaged in a continuing course of conduct in carrying out his asserted scheme.[2]

Accordingly Schumann's first motion is granted, while his second is denied. This action is set for a status hearing at 9 a.m. March 16 to set a timetable for further proceedings.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 8, 2006

---

[2] As for Schumann's related contention that the lack of particularization might impermissibly permit conviction on a nonunanimous basis (on the premise that some jurors might find one fact to have been falsified, concealed or covered up while other jurors might rely on a different fact), that risk can readily be avoided by appropriate jury instructions that require unanimity as to a fact or facts as a precondition to a guilty finding.